[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The plaintiffs have moved the Court to reconsider its decision of January 15, 1992. The plaintiffs' motion will be treated by this Court as a motion to amend judgment pursuant to R.C.P. 59. After a hearing and consideration of the defendant's memorandum, the Court amends the judgment previously entered as follows.
With respect to the damages suffered by the defendant as a result of the plaintiffs' breach, the second full paragraph on page 7 of the decision should read:
 The defendant has produced evidence that a closing was scheduled on June 20, 1986. This closing was not completed due to the plaintiffs' failure to attend. In preparation for this closing, the defendant expended $250 in attorney's fees. The defendant is entitled to reimbursement from the plaintiffs for these fees.
The Court further directs counsel's attention to the fourth full paragraph on page 7 of the decision, pertaining to defendant's request for attorney's fees for pursuing the summary judgment motion at issue. This paragraph should read:
 Finally, the defendant seeks attorney's fees from the plaintiffs for pursuing this motion. Pursuant to R.I.G.L. § 9-1-45, "the court may award a reasonable attorney's fees to the prevailing party in a civil action arising from a breach of contract in which the court . . . finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party . . . Id. Here, in defense of their actions, the plaintiffs argue that they attempted to procure financing but were unsuccessful, and that the defendant raised the purchase price after failure to complete the first closing. Although the plaintiffs' arguments are not valid defenses to the defendant's breach of contract counterclaim, they are not frivolous arguments that are completely absent of a justiciable issue of either law or fact thus necessitating an award of attorney's fees to the defendant. Therefore, the defendant's request for attorney's fees for pursuing this motion is denied.
Consistent with the amendments to the January 15, 1992 decision made herein, this Court hereby grants defendant's motion for summary judgment. Accordingly, the fifth paragraph beginning on page 7 of the decision and continuing to page 8 should read:
 After careful consideration of the pleadings, affidavits, and arguments of counsel, this Court finds that no dispute of material fact exists. The facts indicate that the plaintiffs breached the agreement between the parties, thereby causing the defendant to suffer a loss of $250, expended for attorney's fees. This Court also finds that as a matter of law, the defendant is not entitled to the $3000 deposit as liquidated damages, nor punitive damages. Furthermore, the defendant is not entitled to attorney's fees for pursuing this motion. For the reasons set forth herein the defendant's motion for summary judgment is granted.
Counsel shall prepare an appropriate final judgment reflecting the court's original ruling and all amendments thereto.